ENTERED                SERVED ON
COUNSEL/PARTIES OF RECORD

JAN - 2 2008

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFF H. WILLIAMSON, | ) |
| Plaintiff, | ) 3:07-cv-0592-BES-VPC |
| vs. | ) |
| COUNTY OF WASHOE, *et al.*, | ) **FINDINGS & RECOMMENDATION** |
| Defendants. | ) |

Plaintiff, an inmate at the Washoe County Detention Facility, has submitted a *pro se* civil rights complaint and motion to proceed *in forma pauperis*. Before the Court is plaintiff's "Emergency Motion for Preliminary Injunction and/or Request for Evidentiary Hearing," filed December 17, 2007. (Docket #8).

A preliminary injunction is an extraordinary remedy, and the right to relief must be both clear and unequivocal before a court will grant an injunction. *See Schrier v. University of CO*, 427 F.3d 1253, 1258 (10th Cir. 2005). A request for injunctive relief that goes beyond simply maintaining the status quo, "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979), *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994). A preliminary injunction will only be granted if the requesting party demonstrates either: (1) a combination of probable success on

the merits and the possibility of irreparable harm; or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in favor of the requesting party. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006); *Sony Computer Entertainment Am., Inc. v. Bleem, LLC*, 214 F.3d 1022, 1025 (9th Cir. 2000). The two formulations represent a sliding scale where the degree of irreparable harm required increases as the probability of success decreases. *Id.* A movant with questionable claims does not meet the likelihood of success criterion. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 340 (1999).

In this case, the facts and law do not favor plaintiff. Plaintiff claims that he is the victim of a conspiracy carried out by government officials. Plaintiff claims, among other things, that government officials: "nurture the atmosphere of conflict [and] danger . . . suppress, chill and neutralize the plaintiff's free speech and his political websites-blogs . . . destroy plaintiff's reputation, credibility, ability to earn a living . . . destroy the plaintiff psychologically and/or physically through dangerous government programs . . . put some 'terrorist' label on the plaintiff, activist and protestors as international terrorist organizations . . . to obstruct justice . . . cover up misconduct and political motives . . . and other dirty tricks." (Plaintiff's Motion at pp. 2-3). It is unclear what form of relief plaintiff is seeking by way of this motion.

Plaintiff has failed to show either a combination of probable success on the merits and the possibility of irreparable harm, or the existence of serious questions going to the merits and that the balance of hardships tips sharply in favor plaintiff. Moreover, plaintiff has not demonstrated that he is subject to irreparable harm. Plaintiff's motion contains allegations that are factually fanciful and legally frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Petitioner's motion for a preliminary injunction should be denied.

**V.   Conclusion**

Based on the foregoing, it is the **RECOMMENDATION** of the undersigned

Magistrate Judge that plaintiff's "Emergency Motion for Preliminary Injunction and/or Request for Evidentiary Hearing" (Docket #8) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed the Clerk of Court within **ten (10) days**. The Courts of Appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that the failure to file objections within the specified time and the failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 2nd day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

3